This is not the Authoritative Copy.

| RETAIL INSTALLMENT CONTRACT and SECURITY AGREEMENT | **Seller** EAST COAST CYCLE CENTER 2800 BRISTOL PIKE BENSALEM, PA 19020-5337 | **Buyer** ESMIRNA C HONDOY 861 CROTONA NORTH 1A BRONX, NY Bronx, 10460 |
|---|---|---|
| Date 07/02/2024 | "We," "us" and "our" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

## TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 16.55 % | $ 4,075.00 | $ 8,549.00 | $ 12,624.00 | $ 12,624.00 |

**Payment Schedule:** Your payment schedule is

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 210.40 | Monthly beginning 08/02/2024 |

**Security:** You are giving us a security interest in the Goods purchased.

**Late Charge:** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $10.

**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, breaking the terms of this Contract, any required repayment before the scheduled date, and prepayment refunds and penalties.

**BUYER RESTRICTIONS:** If you do not meet this Contract's obligations, you may lose the property that you bought in this sale.

**CREDIT INSURANCE:** Credit life insurance and credit accident and health insurance are not required to obtain credit. You will not receive credit life insurance and credit accident and health insurance unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured N/A
☐ Single ☐ Joint Prem. $ N/A   Term N/A
**Credit Accident and Health:** Insured N/A
☐ Single ☐ Joint Prem. $ N/A   Term N/A

Name of Insurance Company: N/A
You want the credit insurance coverages indicated above.

| N/A | | N/A | |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| Buyer | d/o/b | Buyer | d/o/b |

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may provide the insurance through existing policies. You may also provide the insurance by purchasing it through any insurance company allowed by law to do business in Pennsylvania.

The deductible amount for the insurance may not exceed $ N/A. If you get insurance from or through us, you will pay $ N/A for N/A of coverage.

The property insurance premium is calculated as follows:
☐ Fire-Theft and Combined Additional Cov. $ N/A
☐ $ N/A   Deductible N/A   $ N/A
☐ $ N/A   Deductible N/A   $ N/A

The property insurance must protect against loss and physical damage. You must name us as beneficiary on the insurance policy. We may require additional security before we allow you to use insurance proceeds to repair or replace the Property. You will pay all amounts that insurance does not cover.

---

Retail Installment Contract-PA   NOT FOR HOME IMPROVEMENT OR MANUFACTURED HOMES   N/A   RSSIGSLFAZPA 9/29/2015 Page 1 of 6

©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

If you fail to obtain or keep insurance or to name us as beneficiary, we may obtain insurance to protect our interest in the Property. We will add the cost of insurance to the amount you owe us. Any amount we pay for insurance is due immediately and will earn finance charges from the date we paid it at the same rate that applies to the unpaid Amount Financed.

**Liability insurance coverage for bodily injury and property damage caused to others is NOT included in this Contract unless specifically indicated.**

**SALE:** You agree to purchase the goods (Goods) and/or services described below from us. You agree to purchase the Goods and/or services from us on the terms of this contract and security agreement (Contract). You understand that we are selling you the Goods in their present condition.

### Description of Goods or Services

| | |
|---|---|
| Serial or Unit No. | Motor or Cabinet No. |
| JH2PE07C0PK300417 | 2023 HONDA CRF450R-S |

Price of Each Unit
$8,097.00

**Additional Description:**
N/A

## ITEMIZATION OF AMOUNT FINANCED

| | | | |
|---|---|---|---|
| 1a. | Cash Price of Goods and Services | $ | 8,097.00 |
| 1b. | Government taxes | $ | N/A |
| | Optional Service Contracts, | | |
| 1c. | Paid to: N/A | $ | N/A |
| 1d. | Paid to: N/A | $ | N/A |
| 1e. | Paid to: N/A | $ | N/A |
| 1f. | Notary Fee | $ | 15.00 |
| 1g. | N/A | $ | N/A |
| 1h. | N/A | $ | N/A |
| 1i. | N/A | $ | N/A |
| 1j. | N/A | $ | N/A |
| 1k. | N/A | $ | N/A |
| 1l. | N/A | $ | N/A |
| 1m. | Amount to Finance line 2. | | |
| | (if line 2. is negative) | $ | N/A |
| 1. | **Total Cash Price of Goods and Services** (1a thru 1m) | $ | 8,112.00 |
| 2a. | Manufacturer's Rebate | $ | N/A |
| 2b. | Cash Down Payment | $ | N/A |
| 2c. | (other) N/A | $ | N/A |
| 2d. | **Rebate/Cash Down Payment** (2a thru 2c) | $ | N/A |
| 2e. | Trade-in allowance (Description of Trade-In N/A ) | $ | N/A |
| 2f. | Less: Amount owing Paid to: N/A | $ | N/A |
| 2g. | **Net Trade In** (2e minus 2f) | $ | N/A |
| 2. | **Net Down Payment/Trade-In** (2d + 2g) | $ | N/A |
| 3. | **Total Down Payment:** (line 2.; disclose as $0 if negative) | $ | 0.00 |
| 4. | **Unpaid Balance of Cash Price** (1 minus 3) | $ | 8,112.00 |
| 5. | Insurance premiums paid to insurance company(ies) | $ | N/A |
| 6. | Paid to Public Officials, including filing fees | $ | 387.00 |
| 7. | UCC Filing Fee | $ | 50.00 |
| 8. | N/A | $ | N/A |
| 9. | N/A | $ | N/A |
| 10. | **Amount Financed** (4 thru 9) | $ | 8,549.00 |
| 11. | **Finance Charge** | $ | 4,075.00 |
| 12. | **Time Balance** (10 + 11) | $ | 12,624.00 |

We may retain or receive a portion of any amount paid to others.

**SECURITY:** Security interest is defined as a right given to us in the Property to assure that payments are made as required under this Contract. You give us a security interest in the Goods purchased described above. You also give us a security interest in all accessions, attachments, accessories, and equipment installed or placed in or on the Goods or other collateral. We refer to the Goods and any other collateral as Property. You also give us a security interest in the proceeds of the Property.

Our interest will not extend to consumer goods unless you acquire rights to the goods within 10 days after we enter into this Contract or the goods are installed in or affixed to the Goods. You assign and give a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the Amount Financed and Finance Charge according to the payment schedule as provided in the **TRUTH IN LENDING DISCLOSURE** above. The Finance Charge is figured at the Annual Percentage Rate on the unpaid part of the Amount Financed until paid in full. Finance Charges accumulate on a daily basis. You agree to pay late charges as provided in the **TRUTH IN LENDING DISCLOSURE**. You also agree to pay any additional amounts according to this Contract's terms.

**DOWN PAYMENT:** You agree to pay or apply to the Total Cash Price, by the date of this Contract, any cash, rebate and net trade-in value described in the **ITEMIZATION OF AMOUNT FINANCED.** ☐ You agree to make payments over an extended period of time or at a future date as part of the cash down payment as shown in the payment schedule in the **TRUTH IN LENDING DISCLOSURE.**

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payment until you pay this Contract in full. You may obtain from us or the insurance company named in your policy or certificate of insurance a refund of any prepaid, unearned insurance premiums.

This is not the Authoritative Copy.

---

Retail Installment Contract-PA    NOT FOR HOME IMPROVEMENT OR MANUFACTURED HOMES    N/A    RSSIGSLFAZPA 9/29/2015
Page 2 of 6

©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

This is not the Authoritative Copy.

**TOTAL SALE PRICE:** We gave you the opportunity to purchase the Goods and/or services for the Total Cash Price or the **Total Sale Price**. The **Total Sale Price** is the total price of the Goods and/or services if you buy them over a period of time. You are purchasing the items over a period of time.

The **Total Sale Price** shown in the **TRUTH IN LENDING DISCLOSURE** assumes that you will make all payments as scheduled. You may actually pay more or less depending on when you make payments.

We charge and collect finance charges. These charges are not more than state or federal law allows. If you pay a finance charge or fee that is more than state or federal law allows, we will apply the charge or fee first to reduce the principal and refund any excess to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

We may collect from you late charges, costs of collection and costs from any nonaffiliated third parties as provided in this Contract and as allowed by law. If you and we later agree in writing to defer or extend any payments due under this Contract, we may also collect from you any additional charges that you and we agree to and that are allowed by law.

**AMENDMENT AND SEVERABILITY:** If any provision of this Contract is not enforceable, this Contract will remain enforceable without such provision. If we agree with you to any exceptions to the promises or assurances in this printed Contract, such agreement must be in writing and signed by both of us.

**LAW GOVERNING:** The law of Pennsylvania will govern this transaction. It is also governed by applicable federal law and regulations. In the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in Pennsylvania, unless otherwise required by law.

Any provision that appoints us as an agent is not subject to the provisions of 20 Pa.C.S.A. Section 5601 et seq. (Chapter 56; Decedents, Estates and Fiduciaries Code). We, by exercising any of our rights under this Contract, do so for the sole benefit of us.

**NAME AND LOCATION:** Your name and address indicated on page 1 is your exact legal name and your principal residence. You will provide us with at least 30 days' notice prior to changing your name or principal residence.

**TELEPHONE MONITORING AND CALLING:** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice

messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**BUYER'S RESPONSIBILITIES TOWARDS PROPERTY:** You agree to do the following:

A. You will defend our security interest in the Property against anyone who claims to have an interest in the Property. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else. Our claim to the Property comes ahead of the claim of any of your other creditors. You agree to sign any additional documents and to provide us with any additional information we may require to protect our security interest in the Property.

B. You will keep the Property in your possession and in good condition. You will only use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, you will keep the Property at your address listed on this Contract.

C. You will not put the Property up for sale without written permission from us. You will not transfer any rights in the Property without first getting our written permission. You will not permit the Property to become attached to any real estate without first providing us an opportunity to preserve our first priority status.

D. You will pay taxes, fees and expenses on the Property when due.

E. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. We may lawfully enter and inspect the Property.

**BREAKING THE TERMS OF THIS CONTRACT:** You will have broken the terms of this Contract if you fail to keep any promise made in connection with this sale.

If there is more than one of you and any one of you breaks any agreement made in this Contract, we may exercise our rights against each of you or all of you.

**SELLER'S RIGHTS:** If you break any of the terms of this Contract, we may exercise any or all of our rights under law and this Contract:

A. We may require you to pay us immediately, the remaining balance of the amount financed, finance charges and all other agreed charges. Before we do this, we will provide you with any required notices and wait any period of time that the law requires.

B. We may pay taxes, fees, expenses, or charges on the Property or make repairs to the Property if you have not done so. We are not required to do so. We will add any amount we pay to the amount you owe us. This amount is due immediately. This amount

©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

will earn finance charges from the date we paid it at the same rate that applies to the unpaid Amount Financed.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take back the Property by lawful means. Before we do this, we will provide you with any required notices and wait any period of time that the law requires. In taking the Property, we may not unlawfully enter onto your premises or cause a public disturbance. We may sell the Property. We may apply amounts we receive as provided by law to our reasonable expenses and then to your obligations.

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all amounts you owe us.

We may take any or all of the actions described above. Our decision not to take any of the actions does not mean that we have lost the right to take any of the actions in the future.

We will mail to your last known address any required notice of an intended acceleration of payment, retaking of the Property, or an intended sale or transfer of the Property. You agree that notice is reasonable if mailed to your last known address, as reflected in our records. You agree that notice mailed ten days before the intended sale or transfer (or such other period of time required by law) is reasonable.

You agree that we may take personal property left in or on the Property subject to your right to recover the personal property.

**INSURANCE:** You agree to buy insurance on the Property against the risks and for the amounts we reasonably require. In addition:

A. You will name us as loss payee on any such policy.

B. We may require added security on this Contract if we permit any insurance proceeds to be used to repair or replace the Property.

C. If the insurance proceeds do not cover the amounts you still owe us, you will pay the difference.

D. You will keep the insurance until all debts secured by this Contract are paid.

If you do not buy, maintain, and arrange to have us named as loss payee, as agreed above, you understand and agree:

A. We may, but are not required to, purchase insurance to protect our interest in the Property.

B. The insurance we buy may be from an agent or company you might not choose.

C. The insurance will not cover your equity in the Property.

D. The premium we pay may be substantially higher than the premium you might be required to pay for the insurance you have agreed to buy on this Contract.

**BUYER'S RIGHTS AND DUTIES:** If you break any terms of this Contract, we will give you notice of your right to correct those terms when the law requires us to do so. We will send you the notice as required by law. If you correct the broken terms in the required time, we may treat the Contract as if you didn't break its terms and return the Property to you (reinstate the Contract). If you break the terms of this Contract more than once, we are only required to give you one notice in any 12 month period.

Within 21 days of the date you receive the notice, we will reinstate the Contract if you:

A. Pay us all past due amounts,

B. Pay us any late charges,

C. Pay us for our actual costs to retake the Property (if we took the Property back),

D. Pay us any other charges or amounts lawfully due to us under this Contract, and

E. Take any other action needed to correct broken terms.

You agree to pay us our actual and reasonable costs of collection when allowed by law. In addition, if either of us breaks the terms of this Contract, the other may start a lawsuit. In that case, the prevailing party shall be awarded its reasonable attorneys' fee and costs as allowed by law.

**EACH AND EVERY BUYER RESPONSIBLE:** Each of you who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You are responsible for paying amounts owed under this Contract even if another of you has signed this Contract.

B. We may hold any of you responsible for paying this Contract, even if we choose to give up our right to hold any other of you responsible.

C. We may give up our interest in the Property and each of you is still responsible for paying this Contract.

D. If we give up any of our rights, it will not affect your responsibility to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your responsibility to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

---

©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

This is not the Authoritative Copy.

## ARBITRATION PROVISION:

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

◆ **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**

◆ **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**

◆ **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's

compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**CAUTION:** **It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after**

©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

This is not the Authoritative Copy.

signing to reconsider and reject your approval, as described in the **ARBITRATION PROVISION AND PROCESS TO REMOVE** section. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**PA NOTICE. A holder of this agreement is subject to all the claims and defenses that the buyer could assert against the seller of goods or services obtained by this agreement or with the proceeds of this agreement. Recovery under this agreement by the buyer may not exceed the amount paid by the buyer under the agreement.**

**ARBITRATION PROVISION AND PROCESS TO REMOVE: This Contract contains an Arbitration Provision that affects your rights.** You agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. Detailed terms are in the Arbitration Provision.

**Process to Remove.** You can reconsider and reject your approval of the Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract.

**Rejecting the Arbitration Provision will NOT affect our decision to sell the Property to you, the terms of financing, or any other terms of this Contract, except that the Arbitration Provision will not apply.**

**By initialing this section, you confirm that you read, understand and agree to the Arbitration Provision in this Contract, including the process to remove it.**

Buyer initials:

_[initialed]_     N/A

☒ **ELECTRONIC SIGNATURE ACKNOWLEDGMENT:** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the

electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

---

**NOTICE TO THE BUYER**

**Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completely filled-in copy of this agreement. You have the right to pay off in advance the full amount due. Under certain conditions, you may obtain a partial refund of the finance charge.**

---

**BY SIGNING BELOW YOU AGREE TO THE TERMS ON PAGES 1 THROUGH 6 OF THIS CONTRACT AND ACKNOWLEDGE RECEIVING A COPY OF THIS CONTRACT COMPLETELY FILLED IN.**

---

Buyer:

_[signature: GH]_ _____ 07/02/2024
Signature                                   Date

N/A _____ N/A
Signature                                   Date

Seller:

By _[signature: Leann Young]_ _____

---

**TRANSFER:** We transfer this Contract to _____
American Honda Finance Corporation
(address) P.O. Box 997503
Sacramento, CA 95899-7503
(Transferee). This transfer is made under the terms of a separate agreement made between us and Transferee.

Seller: EAST COAST CYCLE CENTER
2800 BRISTOL PIKE
BENSALEM, PA 19020-5337

By _[signature: Leann Young]_ _____ Date 07/02/2024

---

©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

This is not the Authoritative Copy.